IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PORFIRIO MORENO, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: H-06-2883 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
|     Director of the Texas Department | § | |
|     of Criminal Justice - Correctional | § | |
|     Institutions Division, | § | |
|         Respondent. | § | |

## **MEMORANDUM AND RECOMMENDATION**

Petitioner Porfirio Moreno's application for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 has been referred to this magistrate judge for a report and recommendation (Dkt. 5). Respondent has filed a motion to dismiss without prejudice due to petitioner's failure to exhaust state remedies (Dkt. 8). Moreno has not responded.[1] The court recommends that respondent's motion be granted and Moreno's application be dismissed without prejudice.

In 1992, Moreno pled guilty to robbery and was sentenced to 16 years in prison. At some point thereafter he was released on parole. After serving approximately 4.5 to 5 years on parole,[2] his parole was revoked on October 18, 2005. Moreno complains that he is being

---

[1] Moreno has filed a document styled "motion for writ of original mandamus" (Dkt. 12). The court is unclear what relief Moreno seeks, but it appears he is requesting the district court clerk to send a copy his petition to the Magistrate for memorandum and recommendation as required by Texas Rule of Criminal Procedure 11.07. To the extent it is petitioner's concern that he has not yet received a copy of the Magistrate's memorandum and recommendation, the clerk will transmit a copy of this memorandum and recommendation to petitioner at his address of record in accordance with usual procedures. Moreno's motion (Dkt. 12) is denied.

[2] Petition (Dkt. 1), at 7.

denied credit towards his release date for the time he spent in custody pursuant to parole supervision.

Moreno has not filed a state application for writ of habeas corpus.[3] The Antiterrorism and Effective Death Penalty Act (AEDPA) requires a prisoner to exhaust his state remedies before filing a federal application for writ of habeas corpus. 28 U.S.C. §§ 2254(b)(1), (c); *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). *Akins v. Snow*, 922 F.2d 1558 (11th Cir. 1991), cited by Moreno in his petition, is a § 1983 case seeking prospective injunctive relief from state parole eligibility rules and is inapplicable to this case.

Because Moreno has not exhausted his state court remedies as required under the AEDPA, the court recommends that his application for writ of habeas corpus be dismissed without prejudice.

The parties have ten days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on February 20, 2007.

Stephen Wm Smith
United States Magistrate Judge

---

[3]   *Id.* at 5.